UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LAMONT TOWNSEND, )
)
Plaintiff, )
)
vs. ) CAUSE NO. 4:05-CV-0038 AS
)
NANA K. ERICSSON, *et al.*, )
)
Defendants. )

## *OPINION AND ORDER*

LaMont Townsend, a prisoner currently confined at the Putnamville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility ("MCF") officials violated the Eighth Amendment's prohibition against cruel and unusual punishments by denying him proper medical treatment for a serious medical need. He also submits supplemental state law claims pursuant to 28 U.S.C. § 1367. This case is before the court on the plaintiff's amended complaint.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less

> stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Townsend brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Townsend seeks damages, declaratory relief, and injunctive relief dealing with the operation of the MCF Medical department. But he has been transferred from the MCF to another Indiana Department of Correction facility. If a prisoner is transferred to another facility, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996),

2

*quoting Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). A prisoner's transfer also renders his claims for declaratory relief moot. *Higgason v. Farley*, 83 F.3d at 811, *citing Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (applying the capable-of-repetition doctrine without discrimination between claims for declaratory relief and claims for injunctive relief). Moreover, the Eleventh Amendment precludes this court from granting the plaintiff injunctive relief on his supplemental state law claims. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984). To require state officials to conform their conduct to Indiana law, a litigant must look to his state court remedies.

Mr. Townsend alleges that MCF Superintendent Stanley Knight, Assistant Superintendent Sally Stevenson, and Dr. Nana Ericcson, M.D., violated the Eighth Amendment's prohibition against cruel and unusual punishments by denying him proper medical treatment for a serious medical need. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Giving Mr. Townsend the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his deliberate indifference claim against Dr. Ericcson.

3

Mr. Townsend states that he is suing Superintendent Knight and Assistant Superintendent Stevenson because they are responsible for supervising and overseeing medical care at the facility. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless he was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Townsend does not allege that defendants Knight and Stevenson were personally involved in any failure to treat him, and he may not sue them merely because they were Dr. Ericsson's supervisors.

Finally, Mr. Ericcson presents supplemental state law claims. Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." The court will permit Mr. Townsend to pursue his state law tort claims to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

Mr. Townsend also alleges that the defendants' actions violated rights protected by Article I §§ 12, 15, 16, and 18 of Indiana's Constitution, and asks the court to assume supplemental jurisdiction over these claims. A district court may,

4

however, decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

Under the federal system, federal courts do not interpret state constitutions, though they may apply settled interpretations of a state constitution established by state courts. Mr. Townsend is asserting state constitutional claims as they apply to medical treatment afforded to a convicted prisoners, on which there is apparently no state created precedent. "Retaining this claim may require the Court to embark on an interpretation of Indiana's Constitution virtually unguided by state court precedent. As a matter of comity whether the acts in question violate Indiana's Constitution are best left to the province of Indiana's state court judges." *Linnemeier v. Indiana University – Purdue University Fort Wayne*, 155 F.Supp. 2d 1044, 1056 (N.D. Ind. 2001). Pursuant to 28 U.S.C. § 1367(c)(1), this court will decline to exercise supplemental jurisdiction over Mr. Townsend's Indiana constitutional claims, and will dismiss those claims without prejudice to his right to bring them in state court.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendant Nana Ericsson, M.D., in his individual capacity for damages on his Eighth Amendment claim that he was deliberately indifferent to the plaintiff's serious medical needs and **GRANTS** him leave to proceed against Dr. Ericcson on his supplemental state law tort claims to the extent that he meets the procedural prerequisites established by state statute to bring such claims;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendants Stanley Knight and Sally Stevenson, **DISMISSES** the plaintiff's claims for

5

injunctive and declaratory relief, and **DISMISSES** his state constitutional claims without prejudice to his right to bring them in state court;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendant Ericcson respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendant Nana Ericsson on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and amended complaint.

IT IS SO ORDERED.

ENTERED: July 18, 2005

S/Allen Sharp
_____
ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT